COOPER, BROWN & BEHRLE, P.C.
Sandra Gale Behrle (SGB 4652)
331 Madison Avenue, 2nd Floor
New York, New York 10017
Telephone: (212) 957-9000
Telefax:   (212) 843-9191
Email: cbblaw@aol.com

Attorneys for Plaintiff
Tessa Kennedy

UNITED STATES DISTRICT COURT
Southern District of New York
- - - - - - - - - - - - - - - - - x
                                  :
TESSA KENNEDY,                    :    Civil Action No. 07 CIV 7766 (NRB)
                                  :
            Plaintiff,            :    ECF CASE
                                  :
      -against-                   :    **COMPLAINT**
                                  :
KENNETH J. ROBERTS,               :    **Jury Trial Demanded**
                                  :
            Defendant.            :
                                  :
- - - - - - - - - - - - - - - - - x

    Plaintiff Tessa Kennedy, by her attorneys Cooper, Brown & Behrle, P.C., brings this complaint for a declaratory judgment to quiet title to her property at 1 East 62nd Street, Units 4A and 4B, New York, New York, for damages in the sum of $946,426.00 together with interest, and alleges as follows:

**PARTIES**

    1.   Plaintiff Tessa Kennedy is an individual citizen and resident of the United Kingdom.

2. Upon information and belief, defendant Kenneth J. Roberts ("Roberts") is a United States citizen and has residences at 3099 Mandeville Canyon Road, Los Angeles, California 90049 and Trump Tower, 721 Fifth Avenue, New York, New York 10019.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because it is between a citizen of a State and a citizen of a foreign state and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district, the property that is subject of the action is situated in this district, and the defendants are subject to personal jurisdiction in this district.

**FACTS**

5. Ms. Kennedy owns two adjoining apartments at 1 East 62nd Street, Units 4A and 4B, New York, New York. The Parcel Identifiers for these Lots are Block 1377, Lots 1107 and 1108, respectively (collectively, the "Property").

6. In or about 1992, Roberts told Ms. Kennedy that he needed to borrow $600,000.00, but did not have adequate security. He asked her to allow him to mortgage the Property so he could get

the loan and promised to repay the loan and extinguish the security interest in the Property within 120 days.

7. Thus, on December 15, 1992, without consideration and on the basis of her reasonable belief that Roberts was a truthful, reliable and trustworthy friend, Ms. Kennedy allowed Roberts to use the Property as security for a $600,000 loan to him from Oberman, Tivoli, Miller & Low as agents for The Richland Group of Los Angeles, California (the "Oberman Mortgage").

8. Subsequently, Roberts represented that he had repaid the loan and told Ms. Kennedy that any purported security interest in the Property had been extinguished, and that Ms. Kennedy had clear title to the Property.

9. In fact, Roberts had lied to Ms. Kennedy. He had not satisfied or removed the mortgage from the record and the Property remained encumbered. He then embarked upon schemes to obtain money by use of the mortgage and to damage the value of the Property, all unbeknownst to Ms. Kennedy.

10. On June 3, 1999 - - years after the Oberman Mortgage should have been satisfied and removed from the record and after Roberts had represented to Ms. Kennedy that he had removed all impediments from the Property - - a purported Assignment of Mortgage (the "Roberts Assignment") was recorded. In the Roberts Assignment, Oberman, et al. purport to assign the Oberman Mortgage

to Roberts, in exchange for a payment of $946,426.00.

11. Upon information and belief, Roberts then used the Oberman Mortgage to further borrow against the Property. On or about December 17, 2003, Roberts assigned the Oberman Mortgage to Fundex Capital Corporation (the "Fundex Assignment").

12. On June 8, 2006, Fundex assigned the mortgage back to Roberts. On information and belief, Roberts continues to hold a security interest in the Property contrary to his representations to Ms. Kennedy.

13. All of these claimed security interests in the Property are invalid, void or voidable. Plaintiff is entitled to the immediate recordation of a satisfaction piece for the Oberman Mortgage and each of the purported security interests imposed by Roberts at his behest and direction.

## FIRST CAUSE OF ACTION
### (Declaration of Quiet Title)

14. Ms. Kennedy repeats and realleges the allegations contained in ¶¶ 1 through 13 as if fully set forth herein.

15. Ms. Kennedy as owner of the condominium apartments described as the Property, as described more fully above, claims an estate or interest in real property.

16. Defendants Robert has made, upon information and belief, oral representations to several people that he is the owner of the Property and as it appears from the public records, as well as from the allegations set forth above that makes claims of an interest in the Property adverse to the claim of Ms. Kennedy.

17. Such claims are invalid and The Oberman Mortgage should be discharged and satisfied and all rights alleged arising from it should be extinguished.

18. Plaintiff has no adequate remedy at law.

19. Thus, the Court should quiet Ms. Kennedy's title and issue a declaration that defendant has no interest in the Property.

## **SECOND CAUSE OF ACTION**
### **(Fraud)**

20. Ms. Kennedy repeats and realleges the allegations contained in ¶¶ 1 through 19 as if fully set forth herein.

21. Roberts misrepresented to Ms. Kennedy that he would mortgage the Property as security for a loan to him for 120 days only.

22. Ms. Kennedy relied on his representations to her and it was reasonable for her to rely on a person she had long considered a friend.

23. In fact, Roberts intended to use the Mortgage for future and secret borrowing without Ms. Kennedy's knowledge or approval. The continuing lien of the mortgage was material and Ms. Kennedy would not have agreed to it if she knew Roberts' plan.

24. Roberts' scheme was outrageous, fraudulent and tortious, and he should be subjected to sanctions and punitive damages.

25. As a result, plaintiff has been damaged because the value of the Property has been decreased by at least $946,426.00, with interest from December 15, 1992.

### THIRD CAUSE OF ACTION
### (Conversion)

26. Ms. Kennedy repeats and realleges the allegations contained in ¶¶ 1 through 25 as if fully set forth herein.

27. Roberts wrongfully took an interest in the Property when he arranged for and accepted an assignment of the Oberman Mortgage.

28. He compounded his wrongful acts by assigning the Oberman Mortgage to Fundex.

29. Despite due demand he has refused to return Ms. Kennedy's Property to her unencumbered.

30. Roberts' knowing and wrongful conversion of a substantial interest in the Property was outrageous and he should be subjected to sanctions and punitive damages.

31. As a result, Ms. Kennedy's has been damaged by at least $946,426.00, with interest from April 15, 1993.

**WHEREFORE**, plaintiff Tessa Kennedy demands judgment as follows:

1. On the First Cause of Action, a declaration quieting Ms. Kennedy's title to the Property and eradicating any and all liens put thereon by defendant;

2. On the Second cause of Action, damages of at least $946,426.00, with interest from December 15, 1992;

3. On the Third Cause of Action, damages of at least $946,426.00, with interest from April 15, 1993;

4. Punitive damages, attorneys' fees, and the costs of this action, and

5. Such other and further relief as to the Court seems just and proper.

Dated: New York, New York
       August 31, 2007

COOPER, BROWN & BEHRLE, P.C.

By: /s/ Sandra Gale Behrle
Sandra Gale Behrle (SGB 4652)
Attorneys for Plaintiff