COOPER, BROWN & BEHRLE, P.C.
Sandra Gale Behrle (SGB 4652)
331 Madison Avenue, 2nd Floor
New York, New York 10017
Telephone: (212) 957-9000
Telefax:   (212) 843-9191
Email: cbblaw@aol.com

Attorneys for Plaintiff
Tessa Kennedy

UNITED STATES DISTRICT COURT
Southern District of New York
- - - - - - - - - - - - - - - - - x
                                  :
TESSA KENNEDY,                    :  Civil Action No.
                                  :   07 Civ. 7766 (NRB)(KNF)
             Plaintiff,           :
                                  :  **AMENDED AND SUPPLEMENTAL**
      -against-                   :          **COMPLAINT**
                                  :
KENNETH J. ROBERTS,               :     **Jury Trial Demanded**
                                  :
             Defendant.           :
                                  :
- - - - - - - - - - - - - - - - - x


    Plaintiff Tessa Kennedy, by her attorneys Cooper, Brown & Behrle, P.C., brings this Amended and Supplemental Complaint against defendant Kenneth J. Roberts, and alleges as follows:

**PARTIES**

    1. Plaintiff Tessa Kennedy is an individual citizen and resident of the United Kingdom.

    2. Upon information and belief, defendant Kenneth J. Roberts ("Roberts") is a United States citizen and has residences at 3099 Mandeville Canyon Road, Los Angeles, California 90049 and

Trump Tower, 721 Fifth Avenue, New York, New York 10019.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because it is between a citizen of a State and a citizen of a foreign state and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district, the property that is a subject of the action is situated in this district, and the defendant is subject to personal jurisdiction in this district.

## FACTS

5. Ms. Kennedy owns two adjoining apartments at 1 East 62nd Street, Units 4A and 4B, New York, New York. The Parcel Identifiers for these Lots are Block 1377, Lots 1107 and 1108, respectively (collectively, the "Property").

6. In or about 1992, Roberts told Ms. Kennedy that he needed to borrow $600,000.00, but did not have adequate security. He asked her to allow him to mortgage the Property so he could get the loan and promised to repay the loan and extinguish the security interest in the Property within 120 days.

7. Thus, on December 15, 1992, without consideration and on the basis of her reasonable belief that Roberts was a truthful, reliable and trustworthy friend, Ms. Kennedy allowed Roberts to use the Property as security for a $600,000 loan to him from Oberman, Tivoli, Miller & Low as agents for The Richland Group of Los Angeles, California (the "Mortgage").

8. Subsequently, Roberts represented that he had repaid the loan and told Ms. Kennedy that any purported security interest in the Property had been extinguished, and that Ms. Kennedy had clear title to the Property.

9. In fact, Roberts had lied to Ms. Kennedy. He had not satisfied or removed the Mortgage from the record and the Property remained encumbered. He then embarked upon schemes to obtain money by use of the Mortgage and to damage the value of the Property, all unbeknownst to Ms. Kennedy.

10. On June 3, 1999 - - years after the Mortgage should have been satisfied and removed from the record and after Roberts had represented to Ms. Kennedy that he had removed all impediments from the Property - - a purported Assignment of Mortgage was recorded in which Assignment, Oberman, et al. purported to assign the Mortgage to Roberts, in exchange for a payment of $946,426.00.

11. Upon information and belief, Roberts then used the Mortgage to further borrow against the Property. On or about December 17, 2003, Roberts assigned the Mortgage to Fundex Capital Corporation ("Fundex").

12. On June 8, 2006, Fundex assigned the Mortgage back to Roberts.

13. Then, on or about October 19, 2007, months after the commencement of this action, Roberts again assigned the Mortgage to an entity called Bloomfield Estates, LLC ("Bloomfield").

14. All of these claimed security interests in the Property are invalid, void or voidable, and fraudulent.

## FIRST CAUSE OF ACTION
### (Declaration of Quiet Title)

15. Ms. Kennedy repeats and realleges the allegations contained in ¶¶ 1 through 14 as if fully set forth herein.

16. Ms. Kennedy as owner of the condominium apartments described as the Property, as described more fully above, claims an estate or interest in real property.

17. Defendants Robert has made, upon information and belief, oral representations to several people that he is the owner of the Property and as it appears from the public records, as well as from the allegations set forth above that makes claims of an

interest in the Property adverse to the claim of Ms. Kennedy.

18. Such claims are invalid and the Mortgage should be discharged and satisfied and all rights alleged arising from it should be extinguished.

19. Plaintiff has no adequate remedy at law.

20. Thus, the Court should direct Roberts to provide for a re-assignment of the Mortgage to him, to file a Satisfaction of the Mortgage, and to quiet Ms. Kennedy's title and issue a declaration that neither defendant nor any of his assignees has an interest in the Property.

### SECOND CAUSE OF ACTION
### (Fraud)

21. Ms. Kennedy repeats and realleges the allegations contained in ¶¶ 1 through 20 as if fully set forth herein.

22. Roberts misrepresented to Ms. Kennedy that he would Mortgage the Property as security for a loan to him for 120 days only.

23. Ms. Kennedy relied on his representations to her and it was reasonable for her to rely on a person she had long considered a friend.

24. In fact, Roberts intended to use the Mortgage for future and secret borrowing without Ms. Kennedy's knowledge or

approval. The continuing lien of the Mortgage was material and Ms. Kennedy would not have agreed to it if she knew Roberts' plan.

25. Roberts' scheme was outrageous, fraudulent and tortious, and he should be subjected to sanctions and punitive damages.

26. As a result, plaintiff has been damaged because the value of the Property has been decreased by at least $1,800,000, with interest from December 15, 1992.

### THIRD CAUSE OF ACTION
### (Conversion)

27. Ms. Kennedy repeats and realleges the allegations contained in ¶¶ 1 through 26 as if fully set forth herein.

28. Roberts wrongfully took an interest in the Property when he arranged for and accepted an assignment of the Mortgage.

29. He compounded his wrongful acts by continuous assignments for his benefit.

30. Despite due demand he has refused to return Ms. Kennedy's Property to her unencumbered.

31. Roberts' knowing and wrongful conversion of a substantial interest in the Property was outrageous and he should be subjected to sanctions and punitive damages.

32. As a result, Ms. Kennedy's has been damaged by at least $1,800,000, with interest from December 15, 1992.

### FOURTH CAUSE OF ACTION
### (Fraudulent Conveyance)

33. Ms. Kennedy repeats and realleges the allegations contained in ¶¶ 1 through 32 as if fully set forth herein.

34. A search of the New York County Register's/Clerk's Office revealed as of August 21, 2007, the mortgage was held by Roberts, having been reassigned to him by Fundex in June 8, 2006.

35. This action was filed in this Court on August 31, 2007. Plaintiff duly delivered and mailed Roberts a request to waive service.

36. On September 13, 2007, California attorney Philip Dapeer appeared for Roberts, represented he would arrange for local counsel or to be admitted in this Court pro hac vice, and requested sixty (60) days to respond to the Complaint. The parties agreed Roberts' Answer was due on November 11, 2007.

37. On or about October 12, 2007, in California, Roberts assigned the Mortgage to Bloomfield. Bloomfield is, upon information and belief, a California limited liability company, created by and represented by Roberts, with its principal place of business at Roberts' home address.

      4. **On the Fourth Cause of Action:** (a) damages of at least $1,800,000.00, with interest from December 15, 1992, (b) an order directing Roberts to indemnity Ms. Kennedy from any and all charges imposed by the Bankruptcy Court, and (c) an order directing Roberts to pay for the release of the Mortgage from the estate of the bankrupt Bloomfield Estates LLC, and to file a Mortgage satisfaction of record and any and all documents necessary to clear title to the Property;

      4. Punitive damages, attorneys' fees as provided for in N.Y. Debtor & Creditor Law Article 10, §276-a together with the costs of this action, and

      5. Such other and further relief as to the Court seems just and proper.

Dated: New York, New York
       February /2, 2008

                              COOPER, BROWN & BEHRLE, P.C.

                              By: _____
                                Sandra Gale Behrle (SGB 4652)
                                Attorneys for Plaintiff

TO:

Scott A. Koltun, Esq.
Frankfort & Koltun
Attorneys for Defendant
2061 Deer Park Avenue
Deer Park, New York 11729

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of February, 2008, I caused to be mailed a true copy of the within Amended and Supplemental Complaint, via first class mail, addressed as follows:

    Scott A. Koltun, Esq.
    Frankfort & Koltun
    Attorneys for Defendant
    2061 Deer Park Avenue
    Deer Park, New York 11729

_____
Sandra Gale Behrle (4652)