# FRANKFORT & KOLTUN

*Attorneys at Law*
2061 Deer Park Avenue
Deer Park, New York 11729

ROBERT D. FRANKFORT
SCOTT A. KOLTUN*

* also member of California Bar

Phone: (631) 242-7815
Fax: (631) 586-6029**

** not for service

March 28, 2008

**Via Facsimile: (212) 805-7927**
Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

RE: Kennedy v. Roberts, 2007 Civ. 07766 (NRB)

Honorable Madam:

Pursuant to the Court's directive at the recent conference on March 20, 2007 I am enclosing the following:

1) Updated Chapter 11 Status Report for Bloomfield Estates, LLC prepared by the bankruptcy attorney for Bloomfield Estates LLC;
2) An email from the bankruptcy attorney David Golubchik addressed to the undersigned concerning what he views the prospects of the bankruptcy court approving any settlement in this matter.

Should you have any questions or wish to discuss this matter please do not hesitate to contact me.

Thank you for your attention to this matter.

Respectfully submitted,

*[signature]*

SCOTT A. KOLTUN (SK 7661)

cc: Sandra Gale Behrle via facsimile (212) 843-9191

```
 1  CRAIG M. RANKIN (SBN 169844)
    DAVID B. GOLUBCHIK (SBN 185520)
 2  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
 3  10250 Constellation Boulevard, Suite 1700
    Los Angeles, California 90067
 4  Telephone: (310) 229-1234
    Facsimile: (310) 229-1244
 5
 6  Proposed Attorneys for Chapter 11 Debtor
    And Debtor in Possession
 7
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re | ) CASE NO. 2:07-bk-20197-SB |
|---|---|
| BLOOMFIELD ESTATES, LLC, | ) Chapter 11 |
| Debtor. | ) **UPDATED CHAPTER 11 STATUS REPORT** |
|  | ) Hearing:<br>) Date: March 25, 2008<br>) Time: 10:00 a.m.<br>) Place: Courtroom 1575 |

1

PRINTED ON

**TO THE HONORABLE SAMUEL BUFFORD, UNITED STATES BANKRUPTCY JUDGE:**

Bloomfield Estates, LLC, debtor and debtor in possession herein ("Debtor"), hereby files its updated Status Report with respect to the pendency of the Debtor's bankruptcy case.

A.  **Background**

The Debtor's primary asset is that certain real property located at 3099 Mandeville Canyon Road, Los Angeles, California (the "Property"). The Property consists of a 112 acre residential estate in Brentwood, California known as the Robert Taylor Ranch. The Property contains a main house with over 11,000 square feet. The property also has stables converted into personal office space as well as guest units. The Property has been owned by Kenneth J. Roberts for over 30 years.

In May 2006, Mr. Roberts obtained a loan in the principal amount of $28 million from New Stream Real Estate, LLC ("New Stream") to refinance the Property. In connection with the financing, Mr. Roberts was required to transfer the property into an LLC. As a result, the Debtor was formed in or about May 2006. The Debtor is not engaged in business operations, but is solely the holding company for Mr. Roberts' personal residence. The Property does not generate income.

Pre-petition, a dispute arose between the Debtor and New Stream with respect to the pre-petition financing. Specifically, the Debtor objected to New Stream's efforts to foreclose on the Property for nonpayment based on the Debtor's belief that New Stream did not comply with its representations and promises to the Debtor. New Stream asserts that it is owed approximately $35 million, which assertion the Debtor disputes. Litigation ensued, with Mr. Roberts and the

Debtor commencing proceedings against New Stream and certain individuals associated therewith before the District Court for the Central District of California (the "District Court Litigation"). Philip Dapeer, Esq. is counsel to Mr. Roberts and proposed counsel to the Debtor in the foregoing litigation.

A foreclosure sale of the Property was scheduled for November 6, 2007. In order to avoid a foreclosure and preserve value of estate property, the Debtor commenced the instant case on November 5, 2007.

**B.     Conclusion of District Court Litigation**

Since the last Status Conference, the parties have entered into a stipulation pursuant to which the District Court Litigation has concluded. The sole remaining issue from the District Court Litigation is the Debtor's assertion of usury against New Stream. Unless an agreement is reached with New Stream, the Debtor may raise this issue in connection with objecting to New Stream's claim and/or its demand for payoff. However, there are no pending matters before the District Court in the District Court Litigation.

**C.     Debtor's Attempt To Settle Its Dispute With New Stream**

Post-petition, the Debtor has been using its best efforts to attempt to reach a settlement with New Stream. Mr. Roberts has devoted virtually every moment of his waking hours to find a solution to this issue, including, without limitation, numerous trips to other states to meet with lending sources and other financial entities to address the New Stream issue. In fact, the parties were on the verge of a settlement in the early part of January 2008. Unfortunately, the settlement did not come to fruition due to no fault of the Debtor. Since that time, the Debtor has continued

PRINTED ON

to work on a solution and is committed to completing such tasks as may be necessary to bring this matter to an amicable conclusion.

### D. Sale of Real Property

The Debtor has been discussing the marketing and development of the Property with numerous real estate professionals. The Debtor initially completed a co-listing agreement pursuant to which multiple real estate firms would market the Debtor's property for sale. While the Debtor was in the process of filing the employment application for such brokers, the Debtor commenced an analysis to determine the best course of action with respect to the marketing of the Property. Initially, the Debtor's plan was to list the Property at a set price and the co-listing agreements and the employment application were drafted accordingly. However, after further analysis, and due to the unique nature of the Property, wherein it can be utilized as a large estate or subdivided into small estate parcels, the Debtor has made the determination that setting a fixed listing price on the Property would not be prudent since it may attract certain buyers and turn away others. In order to obtain maximum interest in the Property, the Debtor has determined that it would be in the best interest of the estate to list the Property for sale without a fixed listing price. The Debtor is in the process of procuring amended co-listing agreements from the multiple brokerages and will file a revised employment application.

### E. Employment of Counsel

The Debtor filed its application to employ Levene, Neale, Bender, Rankin & Brill L.L.P. ("LNBRB") as general bankruptcy counsel. New Stream objected to such employment based on, *inter alia*, the fact that Craig Rankin of LNBRB may be a witness in the District Court

Litigation. The Debtor had hoped that this issue would be mooted in the event of a settlement. Since a settlement has not been reached to date, to avoid further delays, and because the District Court Litigation is no longer pending, the Debtor is filing its response to the objection.

In addition, the Debtor has filed an application to employ Mr. Dapeer as special litigation counsel. Based on pending settlement discussions, New Stream requested an extension of time to object to the employment. The deadline to object has not passed as of the date of filing this Status Report.

F.  **Claims**.

This Court set February 29, 2008 as the deadline to file claims. April 25, 20087 has been set as the deadline to assert objections to timely filed claims. The Debtor intends to assert its objections in accordance with this schedule.

G.  **Plan of Reorganization.**

May 31, 2008 has been set as the deadline for the Debtor to file its Disclosure Statement and Plan of Reorganization. The Debtor intends to file such pleadings by such deadline.

Dated: March 21, 2008                     BLOOMFIELD ESTATES LLC,

By:_____
CRAIG M. RANKIN
DAVID B. GOLUBCHIK
LEVENE, NEALE, BENDER, RANKIN
& BRILL L.L.P.
Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession

## Scott Koltun

**From:** DBG [DBG@lnbrb.com]
**Sent:** Monday, March 24, 2008 6:10 PM
**To:** Scott Koltun
**Cc:** ███████████████
**Subject:** RE: Kennedy v. Roberts

Scott,

Per our discussion, you asked what can be done if a settlement is reached in New York. Because the mortgage is technically owned by Bloomfield, which is in bankruptcy, we would have to file a motion with the Bankruptcy Court pursuant Rule 9019 of the Federal Rules of Bankruptcy Procedures to approve the settlement. If the settlement is fair and reaonable, and supported by Ken, I believe that it is likely that Bankruptcy Court approval would be received to effectuate the settlement.

If you have any questions, don't hesitate to contact me.

Thanks

---
David B. Golubchik, Esq.
Levene, Neale, Bender, Rankin & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Direct: (310) 229-3393
Email: dbg@lnbrb.com
Website: www.lnbrb.com

Note: This email and all documents attached hereto are subject to the firm's email policy. By viewing this email and the attachments, you acknowledge that you have read and understand the disclaimers located at the following website address: http://www.lnbrb.com/disclaimers.htm
---

3/26/2008