UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

TESSA KENNEDY,

                        Plaintiff,

    -against-

KENNETH J. ROBERTS,

                        Defendant.

--------------------------------------------------------------X

**AMENDED ANSWER TO AMENDED AND SUPPLEMENTAL COMPLAINT**

Civil Action No.:
07 Civ. 7766 (NRB) (KNF)

    The defendant, KENNETH J. ROBERTS, named by his attorneys, FRANKFORT & KOLTUN, ESQS., answering the Amended and Supplemental Complaint of the plaintiff herein, respectfully shows this Court and alleges as follows:

    FIRST:                Defendant denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "1" and "5" of the Amended and Supplemental Complaint herein.

    SECOND:          Defendant denies each and every allegation contained in paragraphs designated "6", "7", "8", "9", "10", "11" and "14" of the Amended and Supplemental Complaint herein.

    THIRD:              Defendant denies each and every allegation contained in paragraph "2" of the Amended and Supplemental Complaint herein, except admits Kenneth J. Roberts is a United States citizen and has an interest in property at 3099 Mandeville Canyon Road, Los Angeles, California  90049 and Trump Tower, 721 Fifth Avenue, New York, New York  10019.

    FOURTH:          Defendant denies each and every allegation contained in paragraph "13" of the Amended and Supplemental Complaint herein, except admits on or about October 19, 2007, Roberts assigned the subject Mortgage to Bloomfield Estates, LLC ("Bloomfield").

FIFTH:                    Defendant denies each and every allegation contained in paragraph "12" of the Amended and Supplemental Complaint herein, except admits on June 8, 2006, Fundex assigned the mortgage back to Roberts.

## ANSWERING AN ALLEGED FIRST CAUSE OF ACTION

SIXTH:                    Answering paragraph "15" of the Amended and Supplemental Complaint, defendant repeats, reiterates and realleges each and every admission and denial heretofore made in answer to paragraphs designated "1" through "14".

SEVENTH:                  Defendant denies each and every allegation contained in paragraphs designated "17" and "18" of the Amended and Supplemental Complaint herein.

EIGHTH:                   Defendant denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "16" of the Amended and Supplemental Complaint herein and respectfully refers all questions of Law to this Honorable Court for ultimate determination.

NINTH:                    Defendant denies each and every allegation contained in paragraph designated ""19" and "20" of the Amended and Supplemental Complaint herein and respectfully refers all questions of Law to this Honorable Court for ultimate determination.

## ANSWERING AN ALLEGED SECOND CAUSE OF ACTION

TENTH:                    Answering paragraph "21" of the Amended and Supplemental Complaint, defendant repeats, reiterates and realleges each and every admission and denial heretofore made in answer to paragraphs designated "1" through "20".

ELEVENTH:                 Defendant denies each and every allegation contained in paragraphs designated "22", "23", "24", "25" and "26" of the Amended and Supplemental Complaint herein.

## ANSWERING AN ALLEGED THIRD CAUSE OF ACTION

TWELFTH:        Answering paragraph "27" of the Amended and Supplemental Complaint, defendant repeats, reiterates and realleges each and every admission and denial heretofore made in answer to paragraphs designated "1" through "26".

THIRTEENTH:        Defendant denies each and every allegation contained in paragraphs designated "28", "29", "30", "31" and "32" of the Amended and Supplemental Complaint herein.

## ANSWERING AN ALLEGED FOURTH CAUSE OF ACTION

FOURTEENTH:        Answering paragraph "33" of the Amended and Supplemental Complaint, defendant repeats, reiterates and realleges each and every admission and denial heretofore made in answer to paragraphs designated "1" through "32".

FIFTEENTH:        Defendant denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "34" and 35" of the Amended and Supplemental Complaint herein and respectfully refers all questions of Law to this Honorable Court for ultimate determination.

SIXTEENTH:        Defendant denies any knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "36" and "38" of the Amended and Supplemental Complaint herein.

SEVENTEENTH:        Defendant denies each and every allegation contained in paragraphs designated "40" and "41" of the Amended and Supplemental Complaint herein.

EIGHTEENTH:        Defendant denies each and every allegation contained in paragraph "37" of the Amended and Supplemental Complaint herein, except admits on or about October 19, 2007, in California, Roberts assigned the subject Mortgage to Bloomfield Estates, LLC.

Bloomfield is a California limited liability company with an office at 3099 Mandeville Canyon Road, Los Angeles, California  90049

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

NINETEENTH:        That plaintiff breached the Agreement with defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTIETH:        That the plaintiff, TESSA KENNEDY, failed to name a necessary party.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENY-FIRST:        That the statute of limitations has expired on plaintiff's causes of action for fraud and conversion and therefore, these causes of action should be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: That the plaintiff has failed to make any payments under the mortgage agreement and has breached the terms of the mortgage agreement and is currently in default.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:        That the defendant, KENNETH J. ROBERTS as guarantor, paid off and fully satisfied the subject mortgage.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: That the subject mortgage is no longer held by the defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:        That plaintiff and defendant had a meeting in 2006 during which plaintiff acknowledged her debt to the defendant and stated she would pay him back.  That based

4

on the relationship between the parties, as well as discussions, it was agreed that the defendant would temporarily forbear on any collection of said mortgage.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:    That based on principles of equity, including but not limited to, the fact that plaintiff received great benefit from the monies borrowed under said mortgage, defendant is entitled to pursue a claim of equitable subrogation against the defendant to recoup those monies defendant paid back on behalf of the plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:    That the Amended and Supplemental Complaint fails to state a cause of action against the defendant, KENNETH J. ROBERTS.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH:    That plaintiff's claims are barred by the statute of frauds.

## AS AND FOR COUNTERCLAIMS AGAINST
## THE PLAINTIFF, THE DEFENDANT RESPECTFULLY
## ALLEGES UPON INFORMATION AND BELIEF:

TWENTY-NINTH:    That defendant, KENNETH J. ROBERTS, executed said mortgage as a guarantor.

THIRTIETH:    That the mortgage benefited both defendant, KENNETH J. ROBERTS, and plaintiff, TESSA KENNEDY, as both plaintiff, TESSA KENNEDY, and defendant, KENNETH J. ROBERTS, received monies in exchange for executing the initial mortgage agreement.

THIRTY-FIRST:    That it was agreed between plaintiff, TESSA KENNEDY, and defendant, KENNETH J. ROBERTS, that they would each be responsible for paying back their respective portions of the monies due under the subject mortgage.

THIRTY-SECOND:        That at no time did plaintiff, TESSA KENNEDY, pay back any monies toward said mortgage for which she was responsible and that defendant, KENNETH J. ROBERTS, paid back all monies for which he was responsible as per their agreement.

THIRTY-THIRD:        That in the end, defendant, KENNETH J. ROBERTS, paid back all monies due under said mortgage including those monies that were to be paid by plaintiff, TESSA KENNEDY.

THIRTY-FOURTH:        That plaintiff, TESSA KENNEDY, never paid back defendant, KENNETH J. ROBERTS, for those monies that she received under said mortgage.

THIRTY-FIFTH:        That defendant, KENNETH J. ROBERTS, was then assigned the mortgage and has held same.

THIRTY-SIXTH:        That in 2006, plaintiff, TESSA KENNEDY, requested a meeting with defendant, KENNETH J. ROBERTS and did, in fact, meet with him.  Plaintiff, TESSA KENNEDY, acknowledged the subject debt she owed to defendant, KENNETH J. ROBERTS, and indicated she would pay him back all monies owed and that she would sell the subject apartments. Based on this conversation and meeting, defendant, KENNETH J. ROBERTS, agreed to forbear on collection of the monies due.  Defendant, KENNETH J. ROBERTS, did not hear again from plaintiff, TESSA KENNEDY, until the initiation of the subject lawsuit.

## AS AND FOR A FIRST COUNTERCLAIM CAUSE OF ACTION

THIRTY-SEVENTH:        That plaintiff, TESSA KENNEDY, has breached her agreement with defendant, KENNETH J. ROBERTS, to pay back said monies.

THIRTY-EIGHTH:        That the amount presently due defendant, KENNETH J. RICHARDS, is approximately $1,800,000.00 based on interest accrued over the years.

THIRTY-NINTH:                    That based on said breach, plaintiff, TESSA KENNEDY, owes defendant, KENNETH J. ROBERTS, damages of approximately $1,800,000.00.

## AS AND FOR A SECOND COUNTERCLAIM CAUSE OF ACTION

FORTIETH:                    Defendant repeats and reiterates each and every allegation in said counterclaim.

FORTY-FIRST:                    That the plaintiff, TESSA KENNEDY, has been unjustly enriched and that as a result thereof, owes defendant, KENNETH J. ROBERTS, approximately $1,800,000.00.

## AS AND FOR A THIRD COUNTERCLAIM CAUSE OF ACTION

FORTY-SECOND:                    Defendant repeats and reiterates each and every allegation in said counterclaim.

FORTY-THIRD:                    That the principles of equity warrant the imposition of a constructive trust in favor of the defendant, KENNETH J. ROBERTS, in the amount of $1,800,000.00.

WHEREFORE, defendant seeks dismissal of the Amended and Supplemental Complaint and demands judgment on the Counterclaim for $1,800,000.00, together with interest, costs and disbursements.

DATED:        Deer Park, New York
              April 16, 2008

Yours, etc.,

FRANKFORT & KOLTUN, ESQS.

By: _____

SCOTT A. KOLTUN (SK 7661)
Attorneys for Defendant
2061 Deer Park Avenue
Deer Park, NY 11729
(631) 242-7815

TO: COOPER, BROWN & BEHRLE, P.C.
Attorneys for Plaintiff
331 Madison Avenue, 2nd Fl.
New York, NY 10017
(212) 957-9000

STATE OF NEW YORK          )
                           )ss.:
COUNTY OF SUFFOLK          )

JESSICA L. O'SULLIVAN, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age, and resides in Suffolk County, New York.

That on the 16th day of April, 2008, deponent served the within AMENDED ANSWER TO AMENDED AND SUPPLEMENTAL COMPLAINT upon the following attorneys, at the following addresses designated by said attorneys for that purpose by depositing a true copy of same, enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York:

COOPER, BROWN & BEHRLE, P.C.
Attorneys for Plaintiff
331 Madison Ave
New York, NY 10017

_____
JESSICA L. O'SULLIVAN

Sworn to before me this
16th day of Arpil, 2008.

_____
Notary Public

SCOTT A. KOLTUN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4964235
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES ON _____ 3/26/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TESSA KENNEDY

Plaintiff,

-against-

KENNETH J. ROBERTS,

Defendant.

## AMENDED ANSWER TO AMENDED AND SUPPLEMENTAL COMPLAINT

**FRANKFORT & KOLTUN**
*Attorneys for*    Defendant

*Office and Post Office Address, Telephone*
2061 Deer Park Avenue
DEER PARK, NEW YORK 11729
(631) 242-7815

To                                              Signature (Rule 130-1.1-a)

                                                 Print name beneath

Attorney(s) for

Service of a copy of the within                         is hereby admitted.

Dated,

                                                 Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                          of which the within is a true copy will be presented for
settlement to the HON.                                 one of the judges
of the within named court, at
on                          at                    M

Dated,

                                          Yours, etc.
                                    **FRANKFORT & KOLTUN**
                                       *Attorneys for*

To                                       *Office and Post Office Address*
                                          2061 Deer Park Avenue
Attorney(s) for                          DEER PARK, NEW YORK 11729