**EXHIBIT 3**

## Payments to Oberman, Tilvoli, Miller & Low

| Date | Amount | Payment description |
|---|---|---|
| 1/20/93 | $7,500.00 | Interest due 1 20/93 on $600,000 loan/T. Kennedy |
| 2/20/93 | $7,500.00 | Interest due 2/20/93 on $600,000 loan/T. Kennedy |
| 3/19/93 | $7,500.00 | Interest due 3/20/93 on $600,000 loan/T. Kennedy |
| 4/20/93 | $7,500.00 | Interest due 4/20/93 on $600,000 loan/T. Kennedy |
| 5/20/93 | $7,500.00 | Interest due 5/20/93 on $600,000 loan/T. Kennedy |
| 6/20/93 | $7,500.00 | Interest due 6/20/93 on $600,000 loan/T. Kennedy |
| 7/20/93 | $7,500.00 | Interest due 7/20/93 on $600,000 loan/T. Kennedy |
| 8/20/93 | $7,500.00 | Interest due 8/20/93 on $600,000 loan/T. Kennedy |
| 9/20/93 | $7,500.00 | Interest due 9/20/93 on $600,000 loan/T. Kennedy |
| 10/20/93 | $7,500.00 | Interest due 10/20/93 on $600,000 loan/T. Kennedy |
| 11/20/93 | $7,500.00 | Interest due 11/20/93 on $600,000 loan/T. Kennedy |
| 12/20/93 | $7,500.00 | Interest due 12/20/93 on $600,000 loan/T. Kennedy |
| 1/20/94 | $7,500.00 | Interest due 1/20/94 on $600,000 loan/T. Kennedy |
| 2/20/94 | $7,500.00 | Interest due 2/20/94 on $600,000 loan/T. Kennedy |
| 3/20/94 | $7,500.00 | Interest due 3/20/94 on $600,000 loan/T. Kennedy |

| | | |
|---|---|---|
| 4/8/94 | $50,000.00 | Principal reduction on T. Kennedy $600,000 loan |
| 4/20/94 | $7,500.00 | Interest due 4/20/94 on $600,000 loan/T. Kennedy |
| 5/20/94 | $7,500.00 | Interest due 5/20/94 on $600,000 loan/T. Kennedy |
| 6/20/94 | $6,875.00 | Principal balance $550,000 interest due 6/20/94 on $600,000 loan T. Kennedy |
| 7/20/94 | $6,875.00 | Principal balance $550,000 interest due 7/20/94 on $600,000 loan T. Kennedy |
| 7/22/94 | $50,000.00 | Additional principal Reduction T. Kennedy $600,000 loan |
| 8/20/94 | $6,250.00 | Principal balance $550,000 interest due 8/20/94 on $600,000 loan T. Kennedy |
| 9/20/94 | $6,250.00 | Principal balance $550,000 interest due 6/20/94 on $600,000 loan T. Kennedy |
| 7/20/94 | $6,250.00 | Principal balance $550,000 interest due 7/20/94 on $600,000 loan T. Kennedy |
| 8/20/94 | $6,250.00 | Principal balance $550,000 interest due 8/20/94 on $600,000 loan T. Kennedy |
| 9/20/94 | $6,250.00 | Principal balance $550,000 interest due 9/20/94 on $600,000 loan T. Kennedy |
| 10/20/94 | $6,250.00 | Principal balance $550,000 interest due 10/20/94 on $600,000 loan T. Kennedy |
| 11/20/94 | $6,250.00 | Principal balance $550,000 interest due 11/20/94 on $600,000 loan T. Kennedy |

| 12/20/94 | $6,250.00 | Principal balance $550,000 interest due 12/20/94 on $600,000 loan T. Kennedy |
| 1/20/95 | $6,250.00 | Principal balance $550,000 interest due 1/20/95 on $600,000 loan T. Kennedy |
| 2/20/95 | $6,250.00 | Principal balance $550,000 interest due 2/20/95 on $600,000 loan T. Kennedy |
| 3/20/95 | $6,250.00 | Principal balance $550,000 interest due 3/20/95 on $600,000 loan T. Kennedy |
| 4/20/95 | $6,250.00 | Principal balance $550,000 interest due 4/20/95 on $600,000 loan T. Kennedy |
| 5/20/95 | $6,250.00 | Principal balance $550,000 interest due 5/20/95 on $600,000 loan T. Kennedy |
| 6/20/95 | $6,250.00 | Principal balance $550,000 interest due 6/20/95 on $600,000 loan T. Kennedy |
| 7/20/95 | $6,250.00 | Principal balance $550,000 interest due 7/20/95 on $600,000 loan T. Kennedy |
| 8/20/95 | $6,250.00 | Principal balance $550,000 interest due 8/20/95 on $600,000 loan T. Kennedy |
| 9/20/95 | $6,250.00 | Principal balance $550,000 interest due 9/20/95 on $600,000 loan T. Kennedy |
| 9/22/95 | $100,000.00 | Principal payment re: T. Kennedy $600,000 note 12/92 |
| 10/20/95 | $5,000.00 | Principal balance $400,000 interest due 10/20/95 on $600,000 loan T. Kennedy |
| 11/20/95 | $5,000.00 | Principal balance $400,000 interest due 11/20/95 on $600,000 loan T. Kennedy |

| | | |
|---|---|---|
| 12/20/95 | $5,000.00 | Principal balance $400,000 interest due 12/20/95 on $600,000 loan T. Kennedy |
| 1/20/96 | $5,000.00 | Principal balance $400,000 interest due 1/20/96 on $600,000 loan T. Kennedy |
| 2/20/96 | $5,000.00 | Principal balance $400,000 interest due 2/20/96 on $600,000 loan T. Kennedy |
| 3/20/96 | $5,000.00 | Principal balance $400,000 interest due 3/20/96 on $600,000 loan T. Kennedy |
| 4/5/96 | $8,000.00 | Principal reduction pymt |
| 4/12/96 | $8,000.00 | Principal reduction pymt |
| 4/19/96 | $9,000.00 | Principal reduction pymt |
| 4/20/96 | $4,500.00 | Interest due 4/20/96 on Present principal balance $600,000 loan T. Kennedy |
| 4/26/96 | $8,000.00 | Principal reduction pymt |
| 5/3/06 | $8,000.00 | Principal reduction pymt |
| 5/10/96 | $9,000.00 | Principal reduction pymt |
| 5/20/96 | $4,500.00 | Interest due 5/20/96 on Present principal balance $600,000 loan T. Kennedy |
| 6/20/96 | $4,500.00 | Interest due 6/20/96 on Present principal balance $600,000 loan T. Kennedy |
| 7/20/96 | $4,500.00 | Interest due 7/20/96 on Present principal balance $600,000 loan T. Kennedy |
| 8/20/96 | $4,500.00 | Interest due 8/20/96 on Present principal balance $600,000 loan T. Kennedy |

| | | |
|---|---|---|
| 9/20/96 | $4,500.00 | Interest due 9/20/96 on Present principal balance $600,000 loan T. Kennedy |
| 10/20/96 | $4,000.00 | Interest due 10/20/96 on Present principal balance $600,000 loan T. Kennedy |
| 10/25/96 | $8,000.00 | Principal reduction pymt |
| 11/1/96 | $8,000.00 | Principal reduction pymt |
| 11/8/96 | $9,000.00 | Principal reduction pymt |
| 11/15/96 | $8,000.00 | Principal reduction pymt |
| 11/20/96 | $4,000.00 | Interest due 11/20/96 on Present principal balance $600,000 loan T. Kennedy |
| 11/22/96 | $8,000.00 | Principal reduction pymt |
| 11/29/96 | $9,000.00 | Principal reduction pymt |
| 12/20/96 | $4,000.00 | Interest due 12/20/96 on Present principal balance $600,000 loan T. Kennedy |
| 1/20/97 | $4,000.00 | Interest due 1/20/97 on Present balance of $600,000 loan T. Kennedy |
| 2/20/97 | $3,500.00 | Interest due 2/20/97 on Present balance of $600,000 loan T. Kennedy |
| 3/20/97 | $3,500.00 | Interest due 3/20/97 on Present balance of $600,000 loan T. Kennedy |
| 3/20/97 | $250.00 | Additional Interest due 3/20/97 on Present balance of $600,000 loan T. Kennedy |
| 4/20/97 | $3,750.00 | Interest due 4/20/97 on Present balance of $600,000 loan T. Kennedy |

| 5/20/97 | $3,750.00 | Interest due 5/20/97 on Present balance of $600,000 loan T. Kennedy |
| 6/20/97 | $3,750.00 | Interest due 6/20/97 on Present balance of $600,000 loan T. Kennedy |
| 7/10/07 | $100,000.00 | Principal payment |
| 7/20/97 | $3,750.00 | Interest due 7/20/97 on Present balance of $600,000 loan T. Kennedy |
| 9/4/97 | $2,825.30 | Interest thru 8/30/97 re: T. Kennedy $600,000 note, Bal: $200,000 |
| 10/1/97 | $2,500.00 | Interest thru 9/30/97 re: T. Kennedy $600,000 note, 12/20/92,Bal: $200,000 |
| 10/10/97 | $10,000.00 | Principal payment |
| 10/20/97 | $10,000.00 | Principal payment |
| 10/30/97 | $10,000.00 | Principal payment |
| 11/10/97 | $10,000.00 | Principal payment |
| 11/30/07 | $10,000.00 | Principal payment |
| 12/10/97 | $10,000.00 | Principal payment |
| 12/20/97 | $10,000.00 | Principal payment |
| 12/30/97 | $20,000.00 | Principal payment |
| 1/20/98 | $5,000.00 | Interest from 10/1/97 re: Balance T. Kennedy $600,000 loan 12/20/92 |
| 2/2/98 | $1,834.68 | Interest thru 1/31/98 re: T. Kennedy loan, Bal: $100,000 |
| 3/31/98 | $2,500.00 | Interest thru 3/31/98 re: $600,000 note T. Kennedy 2/20/92, bal. $100,000 |

| | | |
|---|---|---|
| 4/7/08 | $5,000.00 | Principal payment |
| 4/16/08 | $6,000.00 | Principal payment |
| 4/25/98 | $6,000.00 | Principal payment |
| 5/4/08 | $3,000.00 | Principal payment |
| 5/12/08 | $5,000.00 | Principal payment |
| 5/22/08 | $5,000.00 | Principal payment |
| 5/31/08 | $5,000.00 | Principal payment |
| 8/5/98 | $4,254.00 | Interest thru 7/31/98 re: T. Kennedy Note 12/20/92, $600,000 |
| 8/10/98 | $3,500.00 | Principal payment |
| 8/20/98 | $3,500.00 | Principal payment |
| 8/30/98 | $4,000.00 | Principal payment |
| 9/10/98 | $3,500.00 | Principal payment |
| 9/20/98 | $3,500.00 | Principal payment |
| 9/30/98 | $4,000.00 | Principal payment |
| 10/10/98 | $3,500.00 | Principal payment |
| 10/20/98 | $3,500.00 | Principal payment |
| 10/30/98 | $4,000.00 | Principal payment |
| 11/4/98 | $1,496.00 | Interest thru 9/30/98 re: Balance T. Kennedy $600,000 loan 12/20/92 |
| 11/10/98 | $2,000.00 | Principal payment |
| 11/20/98 | $3,000.00 | Principal payment |
| 11/30/98 | $3,000.00 | Principal payment |
| 12/10/98 | $3,000.00 | Principal payment |
| 12/20/98 | $3,000.00 | Principal payment |

| | | |
|---|---|---|
| 12/31/98 | $3,000.00 | Principal payment |
| 1/6/99 | $643.98 | Interest thru 12/31/98 re: T. Kennedy $600,000 loan |
| 1/10/99 | $2,500.00 | Payment on principal balance T. Kennedy $600,000 loan |
| 1/25/99 | $2,500.00 | Payment on principal balance T. Kennedy $600,000 loan |
| 2/12/99 | $2,500.00 | Payment on principal balance T. Kennedy $600,000 loan |
| 2/25/99 | $2,500.00 | Payment on principal balance T. Kennedy $600,000 loan |
| 3/14/99 | $2,500.00 | Payment on principal balance T. Kennedy $600,000 loan |
| 3/26/99 | $2,500.00 | Payment on principal balance T. Kennedy $600,000 loan |

**EXHIBIT 4**

**KEN ROBERTS**

3099 MANDEVILLE CANYON RD.

LOS ANGELES, CALIFORNIA 90049

(310) 476-6441

June 20, 1994

Oberman, Tivoli & Miller, Inc.
500 South Sepulveda Boulevard
Los Angeles  CA    90049

Att: Alan Tivoli

Re:    T. Kennedy Loan - $600,000

Dear Mr. Tivoli:

Enclosed please find a check in the amount of $6,875 made payable to "Oberman, Tivoli, Miller & Low Client Trust Account" as payment of interest due June 20, 1994 on the principal balance of $550,000 of the above-referenced $600,000 loan.

Ken Roberts is still in New York, however he is expected back in Los Angeles within two weeks, and he will be contacting you at that time.

Very truly yours,

Ken Roberts

by Darrell Armstrong



**KEN ROBERTS**

3099 MANDEVILLE CANYON RD.

LOS ANGELES. CALIFORNIA 90049

(310) 476-6441

July 22, 1994

Alan Tivoli
Oberman,Tivoli & Miller,Inc.
500 South Sepulveda Blvd.
Los Angeles, Calif. 90049

RE: T. Kennedy Loan -$600,000.

Dear Alan,

Reference is made to the balance of $550,000. due on the
original loan made to Tessa Kennedy in the amount of $600,000.
I realize that I told you that I would be able to further reduce
the balance by $50,000. on Friday, July 22, 1994. Well, I was
off by approximately one week in my calculations. As I told
you I am in the middle of completing a refinancing on one of
my other projects. This has not yet been completed so I have
made other arrangements and the money will not be in my
possession until the end of the month. So I am asking your
further indulgence for an additional week. Enclosed please
find a check in the amount of $50,000. dated July 31, 1994
which can be deposited at that time. I beleive that everything
will be in order at that time. Inasmuch as you have been
patient thus far I ask for your continued patience and cooperation.
I assure you that I will move forward on anothe payment as quickly
as possible.

I hope this does not inconvenience you too much but unfortunately
people did not come through for me on time either. Please accept
my apology for the delay but the intention is there. I will
call you to discuss the situation. I am writing this letter
on the run so to speak.

Thank you again for your continued patience and cooperation.

Very truly yours,

Ken Roberts

encl



KEN ROBERTS

3099 MANDEVILLE CANYON RD.

LOS ANGELES. CALIFORNIA 90049

(310) 476-6441

July 20, 1995

Oberman, Tivoli & Miller, Inc.
500 South Sepulveda Boulevard
Los Angeles  CA    90049

Att: Alan Tivoli

Re:    T. Kennedy Loan - $600,000

Dear Mr. Tivoli:

Enclosed please find a check in the amount of $6,250 made payable to "Oberman, Tivoli, Miller &
Low Client Trust Account" as payment of interest due July 20, 1995 on the principal balance of
$500,000 of the above-referenced $600,000 loan.

Unfortunately we were unable to reduce principal this past month as we had intended due to the fact
that Ken has not quite completed his refinancing, however he has indicated that you are to receive
a reduction of at least $100,000 by September, 1995.

We thank you for your kind forbearance.

Very truly yours,

Darrell Armstrong
for Ken Roberts



**KEN ROBERTS**

3099 MANDEVILLE CANYON RD.

LOS ANGELES, CALIFORNIA 90049

(310) 476-6441

March 29, 1996

Alan L. Tivoli
Oberman, Tivoli & Miller,Ltd.
500 South Sepulveda Boulevard
Los Angeles, California 90049

RE: T. Kennedy Loan – $600,000.
Principal payments

Dear Alan,

Reference is made to your Fax dated March 7, 1996 wherein you
remind me that there would be a $50,000. Principal reduction
due April 1, 1996 on the above referenced Note with the present
outstanding balance of $400,000. Unfortunately I have been both
travelling and preoccupied I have neglected to respond to you
sooner even though you didn't expect any response other than the
payment. If I would have been able to respond earlier I would have
explained that I am still in the process of restructuring and I
would not be able to make the payment in Full in one payment. Inasmuc
as I don't want anything to interupt our ongoing relationship I
want to ask you to adjust the method of payment and accept the
enclosed checks totalling $50,000. and deposit them on the dates
indicated to accommodate my cash flow. After these checks are
deposited I will continue to send you checks so that when the next
schedule payment is due we are ahead of schedule. In short,
enclosed please find the following checks for deposit on specific
dates totalling $50,000. They are:

        1. 4/05/96 –   $8000.        4/26/96  –  $8000.
        2. 4/12/96 –   $8000.        5/03/96  –  $8000.
        3. 4/19/96 –   $9000.        5/10/96  –  $9000.

I hope this does not cause you too much inconvenience but this
is necessary at this time. Thank you again.

Very truly yours,

Ken Roberts



**KEN ROBERTS**

3099 MANDEVILLE CANYON RD.

LOS ANGELES, CALIFORNIA 90049

(310) 476-6441

September 4, 1997

Alan Tivoli
Oberman, Tivoli & Miller, Inc.
500 South Sepulveda Blvd.
Los Angeles, Calif. 90049

RE: T. Kennedy Loan – $600,000.
Balance due: $200,000.
Interest

Dear Alan,

I apologize for sending last month's interest late but I was out of town and I instructed Darrell to calculate the interest since the last Principal payment and then send it. I noticed that on July 20th he send aq check in the amount of $3,750. which was the monthly interest based upon a balance of $300,000. I have recalculated the interest due from June 20, 1997 thru August 30, 1997 based upon the balances of $300,000. up to July 10th and $200,000. from July 10th thru August 30, 1997 My calculations show that the total amount of interest thru August 30, 1997 owing from June 20, 1997 would be $6,575.30. On July 20, 1997 there was a payment made in the amount of $3,750. leaving a balance due thru August 30, 1997 of $2,825.30. Therefore, enclosed please find a check in the amount of $2,825.30 as payment of the interest due as of August 30, 1997. If you find that my calculations are incorrect please let me know.

Thanks again.

Very truly yours,

Ken Roberts

encl.



**KEN ROBERTS**

3099 MANDEVILLE CANYON RD.

LOS ANGELES, CALIFORNIA 90049

(310) 476-6441

January 20,1998

Alan Tivoli
Oberman,Tivoli & Miller
500 South Sepulvada Blvd.
Los Angeles, Calif. 90049

RE: T. Kennedy Loan - $600,000.
Balance $100,000.
Interest

Dear Alan,

Enclosed please find a check inthe amount of $5000. as payment
of interest from 10/1/97 on the above referenced Note. I
apologize for the delay but I somply forgot to send the money.
In my haste to send you some interest I did not get to calculate
the exact amount on the declining balance over the last few
months and I would like to ask to to calculate the difference
due thru 1/31/98 and I will send it to you. I will also start
very shortly to send you additional principal payments to payoff
off the balance.

Again, thank you for your continued support and courtesies.

Very truly yours,

Ken Roberts

encl.

---

KENNETH J. ROBERTS
3099 MANDEVILLE CANYON RD.
LOS ANGELES, CA 90049-1011

90-8706/1222
6901101430

352

DATE **Jan. 20,1998**

PAY TO THE
ORDER OF **OBERMAN,TIVOLI & MILLER TRUST ACCT** | $ 5000.--

FIVE THOUSAND----------------------------------------- DOLLARS

CHASE  Chase Manhattan Private Bank, N.A.
1800 Century Park East, Suite 400
Los Angeles, CA 90067

Interest from 10/1/97 re: Balance
T. Kennedy $600,000. Loan 12/20/92

MEMO

⑆ 1222870601⑆ 6901101430⑆  0352

**KEN ROBERTS**

3099 MANDEVILLE CANYON RD.

LOS ANGELES, CALIFORNIA 90049

(310) 476-6441

January 6, 1999

Alan Tivoli
Oberman, Tivoli & Miller, Ltd.
500 South Sepulveda Blvd.
Los Angeles, Calif. 90049

RE: T. Kennedy - $600,000. Loan
12/20/92 - Principal & Interest

Dear Alan,

Enclosed please find a check in the amount of $643.98 as payment of the interest due thru 12/31/98 on the above referenced Loan.

Also enclosed is a series of checks totalling $15,000. as payment of the Principal balance of the above referenced Loan. After these payments are made the Loan will be Paid in Full. After these checks I will send you the balance of interest due. Please deposit the checks on the dates indicated to accommodate my cashflow.

I want to thank you again for your patience and courtesy and I am sorry if I caused you any inconvenience.

Very truly yours,

Ken Roberts






**EXHIBIT 5**

KNOW THAT

Oberman, Tivoli, Miller and Low, as servicing agent for parties designated on Schedule I attached hereto and made a part hereof.

Having an office at: 2049 Century Park East, Suite 2500
Los Angeles, CA.

in consideration of NINE HUNDRED FORTY SIX THOUSAND, FOUR HUNDRED TWENTY-SIX , assignor.

paid by                                              ($946,426) - - - - - dollars,

Kenneth J. Roberts

Residing at: 3099 Mandeville Canyon Road
Los Angeles, CA. 90049

Kenneth J. Roberts shall hereafter be referred to as Assignee

hereby assigns unto the assignee,                                              , assignee,

Mortgage dated the 15th   day of December   , 19 92 made by     Tessa Kennedy

to    Assignor

in the principal sum of $600,000     and recorded in the 1st   day of January     1993
in (Liber) (Record Liber) (Reel) 1939     of Section     of Mortgages, page1143 . in the office
of the Registrar     of the     County of New York
covering premises     described in Schedule "A" annexed hereto and made a part hereof

TOGETHER with the bond   or note   or obligation   described in said mortgage   , and the moneys due and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.

IN WITNESS WHEREOF, the assignor has duly executed this assignment the 26 th   day of March     , 19 99

IN PRESENCE OF:

OBERMAN, TIVOLI, MILLER AND LOW

By: _____ Vice Pres t

Authorized Signatory

SCHEDULE A

PROPERTY DESCRIPTION

    The Condominium Units (in the building known as The
Spencer Condominium and by the street number One East Sixty
Second Street, Borough of Manhattan, County of New York, City
and State of New York, said Unit being designated and described
as Units No. 4A and 4B in that certain declaration dated
November 21, 1986 made by Grantor pursuant to Article 9-B of
the Real Property Law of the State of New York (hereinafter
referred to as the "Condominium Act") establishing a plan for
condominium ownership of the Building and the land (hereinafter
referred to as the "Land") upon which the Building is situate
(which Land is more particularly described in Exhibit A annexed
hereto and made a part hereof), which declaration was recorded
in the New York County Office of the Register of The City of
New York on January 5, 1987 in Reel 1168 page 1229, (which
Declaration and First Amendment thereto are hereinafter
collectively referred to as the "Declaration").   The Units are
also designated as Tax Lot 1107 and 1108 in Block 1377 of the
Borough of Manhattan on the Tax Map of the Real Property
Assessment Department of The City of New York and on the Floor
Plans of the Building, certified by William A. Hall on
October 15, 1986, and filed with the Real Property Assessment
Department of The City of New York on January 5, 1987, as
Condominium Plan No. 379 and also filed in the City Register's
Office on Janaury 5, 1987.

TOGETHER WITH an undivided 8.88 and 5.47% Interest in the
Common Elements (as such term is defined in the Declaration).

TOGETHER WITH the appurtenances and all the estate and rights
of the party of the first part in and to the Unit.

TOGETHER WITH an easement in common with the owners of other
Units in the Building, to use any pipes, wires, ducts, cables,
conduits, public utility lines and other common elements
located in any such other Units or elsewhere in the Condominium
serving the Unit.

TOGETHER WITH AND SUBJECT TO all easements of necessity in
favor of the Unit, and in favor of other Units in the Buildng
and the Common Properties.

This land upon which the Building containing the Unit is
located in described as follows:

ALL that certain plot, piece or parcel of land situate lying
and being in the Borough of Manhattan, City, County and State
of New York bounded and described as follows:

BEGINNING at a point in the northerly side of 62nd Street
distant 108 feet easterly from the corner formed by the
intersection of the easterly side of Fifth Avenue with the said
northerly side of 62nd Street and

Running, Thence northerly parallel with Fifth Avenue 100 feet 5
inches to the center lines of the block;

Thence easterly along said center line of the block and
parallel with 62nd Street 42 feet;

Thence southerly parallel with Fifth Avenue and part of the
distance through a party wall 100 feet 5 inches to the
northerly side of 62nd Street; and

Thence westerly along the northerly side of 62nd Street 42 feet to the point or place of Beginning.

Together with an easement of light and air over the strip of land 6 feet in width by 100 feet 5 inches in depth adjoining the above described premises on the west as set forth in instruments recorded in Liber 1138 page 650, Liber 1238 page 4 and liber 1252 page 242 in the Office of the Register of the County of New York.

REEL 1934 PG 1162

SCHEDULE 1

Identity of Mortgagee

Oberman, Tivoli, Miller & Low as to an undivided 25.0000% interest;
Francis Obstgarten as to an undivided 25.0000% interest; Frimi &
Charles Okun Living Trust Dated 12/12/89 as to an undivided 8.3333%
interest; Blood & Thunder, Inc. Money Purchase Pension Plan Trust
as to an undivided 8.3333% interest; Blue Guitar Films, Inc.
Defined Benefit Pension Plan Trust as to an undivided 8.3333%
interest; Enuff, Inc. Retirement Trust as to an undivided 8.3333%
interest; Source Entertainment Defined Benefit Pension Plan Trust
as to an undivided 8.3333% interest; and Interdimensional Televere,
Inc. Defined Benefit Pension Plan as to an undivided 8.3335%
interest.

On the       day of march      19 99 , before me
personally came

to me known to be the individual      described in and who
executed the foregoing instrument, and acknowledged that
executed the same.

*please see attached to*
*purpose taknowledgement.*
*N Benton*

STATE OF NEW YORK, COUNTY OF                                ss:
On the       day of       19   , before me
personally came
to me known, who, being by me duly sworn, did depose and
say that   he is the
of
, the corporation described
in and which executed the foregoing instrument; that   he
knows the seal of said corporation; that the seal affixed
to said instrument is such corporate seal; that it was so
affixed by order of the board of directors of said corpora-
tion, and that   he signed h   name thereto by like order.

On the       day of       19   , before me
personally came

to me known to be the individual      described in and who
executed the foregoing instrument, and acknowledged that
executed the same.

STATE OF NEW YORK, COUNTY OF                                ss:
On the       day of       19   , before me
personally came
the subscribing witness to the foregoing instrument, with
whom I am personally acquainted, who, being by me duly
sworn, did depose and say that   he resides at No.

that   he knows
to be the individual
described in and who executed the foregoing instrument;
that   he, said subscribing witness, was present and saw
execute the same; and that   he, said witness,
at the same time subscribed h   name as witness thereto.

**Assignment of Mortgage**
WITHOUT COVENANT

E NO.

OBERMAN, TIVOLI, MILLER AND LOW

TO

KENNETH J. ROBERS

SECTION

BLOCK

LOT

COUNTY OR TOWN

Recorded At Request of The Title Guarantee Company

RETURN BY MAIL TO:

Ira L. Berman, Esq.
500 Fifth Avenue, Suite 4220
New York, NY, 10110

Zip No.

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by

TITLE GUARANTEE-
NEW YORK

A TICOR COMPANY

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California  
County of _Los Angeles_ } ss.

On _April 5, 1999_, before me, _M. Benton, Notary Public_  
Date                                               Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared ___Alan R. Tivoli___  
Name(s) of Signer(s)

☒ personally known to me  
☐ proved to me on the basis of satisfactory evidence

**M. BENTON**  
Commission # 1190730  
Notary Public - California  
Los Angeles County  
My Comm. Expires Jul 23, 2002

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____  
Signature of Notary Public

Place Notary Seal Above

─────────────── **OPTIONAL** ───────────────  
*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**  
Title or Type of Document: _Assignment of Mortgage_

Document Date: _March 26th, 1999_  Number of Pages: _2_

Signer(s) Other Than Named Above: _N/A_

**Capacity(ies) Claimed by Signer**  
Signer's Name: _____  
☐ Individual  
☐ Corporate Officer — Title(s): _____  
☐ Partner — ☐ Limited ☐ General  
☐ Attorney in Fact  
☐ Trustee  
☐ Guardian or Conservator  
☐ Other: _____  

Signer Is Representing: _____

RIGHT THUMBPRINT  
OF SIGNER  
Top of thumb here

© 1997 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402       Prod. No. 5907       Reorder: Call Toll-Free 1-800-876-6827

**EXHIBIT 6**



## First American Title Insurance Company of New York

Title No. 3008-206677

## MORTGAGE SCHEDULE

### MORTGAGE

**MORTGAGE** made by TESSA KENNEDY to OBERMAN, TIVOLI, MILLER AND LOW, FRANCIS OBSTGARTEN, FRIMI & CHARLES OKUN LIVING TRUST DECEMBER 12, 1989, BLOOD & THUNDER, INC. MONEY PURCHASE BENEFIT PLAN TRUST, BLUE GUITAR FILMS, INC. DEFINED BENEFIT PENSION PLAN TRUST, ENUFF, INC. RETIREMENT TRUST, SOURCE ENTERTAINMENT DEFINED BENEFIT PENSION PLAN TRUST and INTERDIMENSIONAL TELEWAVE, INC. DEFINED BENEFIT PENSION PLAN, in the amount of $600,000.00, dated 12/15/1992 and recorded 01/22/1992 in Reel 1939 Page 1143. (Mortgage Tax Paid: $ 16,500.00)

**ASSIGNMENT OF MORTGAGE** made by OBERMAN, TIVOLI, MILLER AND LOW, FRANCIS OBSTGARTEN, FRIMI & CHARLES OKUN LIVING TRUST DECEMBER 12, 1989, BLOOD & THUNDER, INC. MONEY PURCHASE BENEFIT PLAN TRUST, BLUE GUITAR FILMS, INC. DEFINED BENEFIT PENSION PLAN TRUST, ENUFF, INC. RETIREMENT TRUST, SOURCE ENTERTAINMENT DEFINED BENEFIT PENSION PLAN TRUST and INTERDIMENSIONAL TELEWAVE, INC. DEFINED BENEFIT PENSION PLAN to KENNETH J. ROBERTS, dated 03/26/1999 and recorded 06/03/1999 in Reel 2885 Page 1983. Assigns the above Mortgage.

**ASSIGNMENT OF MORTGAGE** made by KENNETH J. ROBERTS to FUNDEX CAPITAL CORPORATION, dated 12/17/2003 and recorded 01/26/2004 as CRFN 2004000047772. Assigns the above Mortgage.

**ASSIGNMENT OF MORTGAGE** made by FUNDEX CAPITAL CORPORATION to KENNETH J. ROBERTS, dated 06/08/2006 and recorded 07/28/2006 as CRFN 2006000429432. Assigns the above Mortgage.

### The above Mortgage may be assigned and/or satisfied by:

### KENNETH J. ROBERTS

This title report does not show all the terms and provisions of the mortgage(s) set forth herein. Interested parties should contact the holder(s) thereof to ascertain the terms, covenants and conditions contained therein, and to determine if there are any unrecorded amendments or modifications thereto.

**EXHIBIT 7**

# ASSIGNMENT OF MORTGAGE WITHOUT COVENANT

### KENNETH J. ROBERTS

### TO

### BLOOMFIELD ESTATES, LLC

Premises:       1 East 62nd Street
               New York, NY

Section:
Block:          1377
Lots:           1107 and 1108
County:         New York

### Record and Return:

Bloomfield Estates, LLC
3099 Mandeville Canyon Road
Los Angeles, CA  90049

10/19/2007 15:04 IFAX l.moon@cuttitalaw.com                    , LAURA                 @001/006

**ASSIGNMENT OF MORTGAGE WITHOUT COVENANT**
**CONSULT YOU LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY**

KNOW THAT KENNETH J. ROBERTS, having an office at 3099 Mandeville Canyon Road, Los Angeles, California 90049 (the 'Assignor'), in consideration of TEN DOLLARS ($10.00) AND OTHER GOOD AND VALUABLE CONSIDERATION, paid by BLOOMFIELD ESTATES, LLC, a California Limited Liability Company having an office at 3099 Mandeville Canyon Road, Los Angeles, California 90049 (the 'Assignee'), hereby assigns unto Assignee all Assignor's right, title and interest in a certain Mortgage dated December 15, 1992 made by Tessa Kennedy in favor of Oberman, Tivoli, Miller & Law; Francis Obstgarten; Frimi & Charles Okun Living Trust dated December 12, 1989; Blood & Thunder Inc. Money Purchase Pension Plan Trust; Blue Guitar Films Inc. Defined Benefit Pension Plan Trust; Enuff Inc. Retirement Trust; Source Entertainment Defined Benefit Pension Plan Trust; and Interdimensional Teleware Inc. Defined Benefit Pension Plan (collectively, the 'Mortgagors') in the amount of $600,000.00 (the 'Mortgage'), which Mortgage was recorded in the City Register's Office, New York County on January 22, 1993 in Reel 1939, Page 1143; which Mortgage was assigned by Mortgagors to Assignor by Assignment of Mortgage dated March 26, 1999 and recorded June 3, 1999 in Reel 2885, Page 1983 and which Mortgage was further assigned by Kenneth J. Roberts to Fundex Capital Company by Assignment of Mortgage dated December 17, 2003 and recorded January 26, 2004 as CRFN 2004000047772, and which Mortgage was further assigned by Fundex Capital Corporation to Kenneth J. Roberts, by Assignment of Mortgage dated June 8, 2006 and recorded July 28, 2006 as CRFN 2006000429432, covering the premises designated as Condominium Units 4A and 4B in The Spencer Condominium, located at One East 62nd Street, New York, New York, as more fully described on Schedule A attached hereto.

TOGETHER WITH THE NOTE OR OBLIGATIONS DESCRIBED IN THE MORTGAGE, AND THE MONIES DUE AND TO GROW DUE THEREON WITH INTEREST, TO HAVE AND TO HOLD THE SAME UNTO THE ASSIGNEE AND TO THE SUCCESSORS, LEGAL REPRESENTATIVES AND ASSIGNS OF THE ASSIGNEE FOREVER.

THIS ASSIGNMENT IS MADE TO AND ACCEPTED BY THE ASSIGNEE WITHOUT ANY WARRANTY OR REPRESENTATION ON THE PART OF THE ASSIGNOR AND WITHOUT RECOURSE TO THE ASSIGNOR IN ANY EVENT WHATSOEVER. ASSIGNEE EXPRESSLY ACKNOWLEDGES THAT NEITHER ASSIGNOR NOR ANY OF ITS AGENTS OR EMPLOYEES HAVE MADE ANY REPRESENTATIONS WHATSOVER CONCERNING THE MORTGAGE AND AGREES THAT IN ACCEPTING THIS ASSIGNMENT OF MORTGAGE ASSIGNEE HAS NOT RELIED ON ANY REPRESENTATIONS WHATSOEVER MADE BY ASSIGNOR EVEN IF SUCH REPRESENTATIONS WERE MADE.

THE WORD 'ASSIGNOR' OR 'ASSIGNEE' SHALL BE CONSTRUED AS IF READ 'ASSIGNORS' OR 'ASSIGNEES' WHENEVER THE SENSE OF THIS INSTRUMENT SO REQUIRES.

This Assignment is not subject to Section 275 of the Real Property Law as it is an assignment within the secondary mortgage market.

IN WITNESS WHEREOF, the Assignor has duly executed this Assignment of Mortgage this
_19_ day of October, 2007.


By: _____
      Kenneth J. Roberts

STATE OF NEW YORK,
COUNTY OF NEW YORK.


      On the _19_ day of October, 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared Kenneth J. Roberts, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the document.


_____
Notary Public

SONIA E. NAM
Notary Public State of New York
NO.02NA6160293
Qualified in Queens County
Commission Expires on February 5, 2011

10/19/2007 15:05 IFAX L.MOON@CUTTITALAW.COM                        · LAURA                    ☎003/006

## SCHEDULE "A"

THE CONDOMINIUM UNITS (HEREINAFTER REFERRED TO AS THE "UNIT") IN THE BUILDING (HEREINAFTER REFERRED TO AS THE "BUILDING") KNOWN AS THE SPENCER CONDOMINIUM, SAID UNITS BEING DESIGNATED AND DESCRIBED AS UNIT NOS. 4A AND 4B IN A CERTAIN DECLARATION DATED NOVEMBER 21, 1986, PURSUANT TO ARTICLE 9-B OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK (HEREINAFTER REFERRED TO AS THE "CONDOMINIUM ACT"), ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF THE BUILDING AND THE LAND (HEREINAFTER REFERRED TO AS THE "LAND") UPON WHICH THE BUILDING IS SITUATE (WHICH LAND IS MORE PARTICULARLY DESCRIBED IN SCHEDULE A ANNEXED HERETO AND MADE A PART HEREOF), WHICH DECLARATION WAS RECORDED IN THE NEW YORK COUNTY OFFICE OF THE REGISTER OF THE CITY OF NEW YORK ON JANUARY 5, 1987 IN REEL 1168 PAGE 1229 AND AS AMENDED BY FIRST AMENDMENT TO DECLARATION DATED AS OF MARCH 10, 2005 AND RECORDED APRIL 14, 2005 AS CRFN 2005000213990, (WHICH DECLARATION AND AMENDMENTS THERETO ARE HEREINAFTER COLLECTIVELY REFERRED TO AS THE "DECLARATION"). THE UNITS ARE ALSO DESIGNATED AS TAX LOTS 1107 AND 1108 BLOCK 1377 OF SECTION 5 OF THE BOROUGH OF MANHATTAN ON THE TAX MAP OF THE REAL PROPERTY ASSESSMENT DEPARTMENT OF THE CITY OF NEW YORK ON THE FLOOR PLANS OF THE BUILDING, CERTIFIED BY WILLIAM A. HALL ON OCTOBER 15, 1986 AND FILED WITH THE REAL PROPERTY ASSESSMENT DEPARTMENT OF THE CITY OF NEW YORK ON JANUARY 5, 1987 AS CONDOMINIUM PLAN NO. 379 AND ALSO FILED IN THE CITY REGISTER'S OFFICE ON JANUARY 5, 1987.

TOGETHER WITH AN UNDIVIDED 8.88% AND 5.47% INTEREST, RESPECTIVELY, IN THE COMMON ELEMENTS (AS SUCH IS DEFINED IN THE DECLARATION").

THE PREMISES WITHIN WHICH THE UNIT IS LOCATED ARE MORE PARTICULARLY DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERLY SIDE OF 62ND STREET, DISTANT 108 FEET EASTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE EASTERLY SIDE OF 5TH AVENUE WITH THE SAID NORTHERLY SIDE OF 62ND STREET;

RUNNING THENCE NORTHERLY PARALLEL WITH 5TH AVENUE, 100 FEET 5 INCHES TO THE CENTER LINE OF THE BLOCK;

THENCE EASTERLY ALONG SAID CENTER LINE OF THE BLOCK AND PARALLEL WITH 62ND STREET, 42 FEET;

THENCE SOUTHERLY, PARALLEL WITH 5TH AVENUE AND PART OF THE DISTANCE THROUGH A PARTY WALL, 100 FEET 5 INCHES TO THE NORTHERLY SIDE OF 62ND STREET; AND

THENCE WESTERLY ALONG THE NORTHERLY SIDE OF 62ND STREET, 42 FEET TO THE POINT OR PLACE OF BEGINNING.

CONTINUED...

TOGETHER WITH AN EASEMENT OF LIGHT AND AIR OVER THE STRIP OF LAND 8 FEET IN WIDTH 100 FEET 5 INCHES IN DEPTH ADJOINING THE ABOVE DESCRIBED PREMISES ON THE WEST AS SET FORTH IN INSTRUMENTS RECORDED IN LIBER 1138 PAGE 660, LIBER 1238 PAGE 4 AND LIBER 1252 PAGE 242 IN THE OFFICE OF THE REGISTER OF THE COUNTY OF NEW YORK.

**THE** policy to be issued under this report will insure the title to such buildings and improvements erected on the premises, which by law constitute real property.

**FOR CONVEYANCING ONLY: TOGETHER** with all the right, title and interest of the party of the first part, of in and to the land lying in the street in front of and adjoining said premises.

<u>**§275 AFFIDAVIT**</u>

(AFFIDAVIT TO BE ATTACHED TO AN ASSIGNMENT OF MORTGAGE)

STATE OF NEW YORK     )
                : SS:
COUNTY OF NEW YORK  )

DATE:  October     , 2007
PREMISES: 1 East 62nd Street
          New York, NY
NEW YORK COUNTY
BLOCK 1377, LOTS 1107 and 1108

     I, BLOOMFIELD ESTATES, LLC, hereby state that the assignee hereunder is not acting as a nominee of the mortgagor and that the mortgage continues to secure a bona fide obligation.

                         BLOOMFIELD ESTATES, LLC

                         By: Kenneth J. Roberts, Member

Sworn to before me on this
_19_ day of October, 2007

Notary Public

SONIA E. NAM
Notary Public State of New York
NO.02NA6160293
Qualified in Queens County
Commission Expires on February 5, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the 30 day of April, 2008, I caused to be served a true copy of the within Notice of Motion For Summary Judgment and Affirmation in Support of Plaintiff's Motion For Summary Judgment Dismissing Defendant's Counterclaims with Exhibits, by depositing a true copy of same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, as follows:

Scott A. Koltun, Esq.
Frankfort & Koltun
Attorneys for Defendant
2061 Deer Park Avenue
Deer Park, New York 11729

_____
Sandra Gale Behrle (4652)

-4-

07 Civ. 7766 (NRB)(KNF)

**UNITED STATES DISTRICT COURT**
**Southern District of New York**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TESSA KENNEDY,

                                        Plaintiff,

                *- against -*

KENNETH J. ROBERTS,

                                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**<u>NOTICE OF MOTION FOR SUMMARY JUDGMENT</u>**



                    COOPER, BROWN & BEHRLE, P.C.
                    **Attorneys for Plaintiff Tessa Kennedy**
                    **331 Madison Avenue, 2nd Floor**
                    **New York, New York 10017**
                    **Telephone: (212) 957-9000**
                    **Telefax:    (212) 843-9191**