Sandra Gale Behrle (SGB 4652)
331 Madison Avenue, 2nd Floor
New York, New York 10017
Telephone: (212) 957-9000
Telefax:   (212) 843-9191
Email: cbblaw@aol.com

Attorneys for Plaintiff, Tessa Kennedy

UNITED STATES DISTRICT COURT
Southern District of New York
- - - - - - - - - - - - - - - - - x
                                  :
TESSA KENNEDY,                    :   Civil Action No.
                                  :   07 Civ. 7766 (NRB)(KNF)
              Plaintiff,          :
                                  :
     -against-                    :
                                  :
KENNETH J. ROBERTS,               :
                                  :
              Defendant.          :
- - - - - - - - - - - - - - - - - x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT DISMISSING DEFENDANT'S COUNTERCLAIMS**


                                    COOPER, BROWN & BEHRLE, P.C.
                                    Attorneys for Plaintiff
                                    Tessa Kennedy
                                    331 Madison Avenue, 2d Floor
                                    New York, New York 10017
                                    Telephone: (212) 957-9000
                                    Telefax:   (212) 843-9191

Of Counsel:

Sandra Gale Behrle, Esq.

**FOREWORD**

Plaintiff, Tessa Kennedy "Kennedy", by her attorneys Cooper, Brown & Behrle, P.C. submits this Memorandum of Law in support of her motion pursuant to F.R.Civ.P. Rule 56 for summary judgment dismissing defendant's counterclaims on the grounds that they are timed barred.

**FACTS**

The facts are set forth in the documents submitted with the accompanying Affirmation of Sandra Gale Behrle, dated April 30, 2008, and the prior pleadings and proceedings had herein.

On or about December 12, 1992, plaintiff Kennedy, the owner of a Manhattan condominium, acceded to defendant Kenneth Roberts' ("Roberts") request to provide security for a loan so he could have the proceeds. They borrowed $600,000.00 and mortgaged her condo as security for the loan. Exhibit 1. Roberts, since he requested that Kennedy mortgage her property to provide him with cash he wanted, guaranteed the loan. Exhibit 2.

Commencing with the month after the granting of the loan and continuing through January, 1999, Roberts, the guarantor, made regular payments of interest and principal. Exhibits 3 and 4. Roberts assured Kennedy that the loan was paid and led her to believe it was duly satisfied as of record. In fact, after the final payment was made, Roberts arranged for the lender/ mortgagee

-2-

to assign its interest in the mortgage to him.

The assignment took place in early 1999, and for years after, Roberts used the mortgage as security for other transactions he was involved in, all unbeknownst to Kennedy.

Sometime in 2006 there was a meeting between plaintiff and defendant at which time the full extent of Roberts trickery was made known to Kennedy. She did not acknowledge a debt to defendant in writing or make partial payment of an alleged debt.

Instead, she commenced this suit to clear title to her property. Roberts was served in August 2007. A California attorney "appeared" for him and repeatedly delayed answering, seeking extensions. During the extension period, undoubtedly aware of the fact that the running of the statute of limitations had foreclosed any legal attempt to seek indemnification from plaintiff, defendant transferred the mortgage once again. He assigned it, in October 2007, to a limited liability company whose only asset is his residence in California, and then a month later put that limited liability company into bankruptcy allegedly because of an argument with a lender (Docket Sheet Entry 12 Updated Chapter 11 Status Report).

Defendant took the mortgage, which was the subject of this case, and made it hostage to his determination to prevent this

-3-

Court from exercising jurisdiction over it and to get plaintiff to pay a stale debt. That this is true is belied by the words of the bankruptcy attorney that any settlement Roberts approves would release the mortgage from the jurisdiction of the California bankruptcy court. Id.

Defendant's entitlement to any indemnification is long time barred, if it ever existed. His counterclaims must be dismissed.

-4-

## **DISCUSSION**

### **THE COUNTERCLAIMS ARE TIME BARRED AND MUST BE DISMISSED.**

Summary judgment should be rendered when a party shows there is no genuine issue as to a material fact on which that party will bear the burden of proof at trial, so long as such judgment is appropriate as a matter of law. Beard v. Banks, 548 U.S. 521 (2006). Kennedy has shown that the time for Roberts to make a claim against her for reimbursement of the mortgage loan has long exceeded the applicable six-year Statute of Limitations. Summary judgment is appropriate dismissing them.

A guarantor's claim is a claim for reimbursement: it accrues upon payment by the guarantor. It is time barred when the principal is not served until more than six years after the guarantor's payment pursuant to its guaranty. 63 N.Y. Jur.2d, Guaranty and Suretyship, §470.

A guarantor's entitlement to indemnification has its roots in the concept that one who has discharged a duty which should have been discharged by another is entitled to indemnity to prevent unjust enrichment. The Court of Appeals has stated: "Given the quasi contractual character of the indemnification action, it was obvious that the contract's Statute of Limitations, now six years, would be controlling (citation omitted) ... accrual occurs

upon payment by the party seeking indemnity." <u>McDermott v. City of New York</u>, 50 N.Y.2d 211, 217 (1980). See also, <u>Tedesco v. A.P. Green Industries Inc.</u>, 8 N.Y.3d 243, 247 (2007) ("the statute of limitations on a claim for indemnity ... accrues only when the person seeking indemnity ... has paid the underlying claim.")

Here, Roberts paid off the underlying claim on January 26, 1999, more than eight years before the commencement of this action and the interposition of the counterclaims.

Nor was the statute of limitations revived. Under the N.Y. Gen. Ob. L. §17-101, the period of limitations may be revived where a debtor voluntarily acknowledges the debt in writing. Under Gen. Ob. L 17-107 a partial payment may extend the period of limitations. Here, there is no evidence of either partial payment or written acknowledgment of a debt by Kennedy.

A written acknowledgment must be express. In <u>Petito v. Piffath</u>, 85 N.Y.2d 1, 8 (1994) the court rejected a writing that did not expressly refer to, acknowledge and promise to pay the alleged mortgage debt. In that case, a stipulation settling a foreclosure action did not revive the underlying mortgage debt. See also, <u>Hakim v. Peckel Family Limited Partnership</u>, 280 A.D.2d 645, 721 N.Y.S.2d 543 (2d Dep't 2001); <u>Flynn v. Flynn</u>, 175 A.D.2d 51, 52, 572 N.Y.S.2d 307, 309 (1st Dep't 1991).

There has been no partial payment. In order for a partial payment to extend or renew the statute of limitations, the creditor must show that there was a payment "made and accepted as such, 'accompanied by circumstances amounting to an absolute and unqualified acknowledgment <u>by the debtor</u> of more being due, from which a promise may be inferred to pay the [remaining balance].'" Emphasis in the original. <u>Saini v. Cinelli Enterprises, Inc.</u>, 289 A.D.2d 770, 771, 733 N.Y.S.2d 824, 826 (3d Dep't 2001).

Defendant can no longer claim any indemnification from plaintiff. Time has run out. Defendant's machinations with the mortgage should not be countenanced. His attempt to collect an alleged stale debt should be thwarted.

-7-

## CONCLUSION

On the basis of the foregoing facts and law, plaintiff's Motion for Summary Judgment dismissing the counterclaims should be granted in all respects, together with such other and further relief as to the Court seems just and proper.

Dated: New York, New York
       April 30, 2008

Respectfully submitted,

COOPER, BROWN & BEHRLE, P.C.

By: *Sandra Gale Behrle*
    Sandra Gale Behrle (SGB 4652)
Attorneys for Plaintiff
331 Madison Avenue
New York, New York 10017

-8-

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30 day of April, 2008, I caused to be served a true copy of the within Plaintiff's Memorandum of Law in Support of Motion for Summary Judgement Dismissing Defendant's Counterclaims, by depositing a true copy of same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, as follows:

    Scott A. Koltun, Esq.
    Frankfort & Koltun
    Attorneys for Defendant
    2061 Deer Park Avenue
    Deer Park, New York 11729

    _____
    Sandra Gale Behrle (4652)